UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TAMMY BECKMAN,

      Plaintiff,

     v.

ARTSPACE PROJECTS, INC. et al.,

      Defendants.

26-CV-921-LJV
ORDER

---

On May 7, 2026, the pro se plaintiff, Tammy Beckman, commenced this action against a host of defendants including Artspace Projects, Inc.; Belmont Housing Resources for WNY, Inc.; Crisis Services of Erie County, Inc.; and the City of Buffalo. *See* Docket Item 1. Among other things, the complaint alleged violations of 42 U.S.C. § 1983 and the Fair Housing Act, 42 U.S.C. § 3601, et seq. *See* Docket Item 1 at 2. On the same date, Beckman also moved for a temporary restraining order ("TRO") and preliminary injunction. Docket Item 2. She subsequently filed an amended complaint, Docket Item 3, along with a new motion for a TRO and preliminary injunction, Docket Item 4. For the reasons that follow, the Court denies Beckman's motions for preliminary relief.

"A plaintiff seeking a preliminary injunction must establish that [s]he is likely to succeed on the merits, that [s]he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Id.* at

24.  "The standard for issuance of a temporary restraining order is identical to that for issuance of a preliminary injunction." *Bimber's Delwood, Inc. v. James*, 496 F. Supp. 3d 760, 771 (W.D.N.Y. 2020).

In her first motion for a TRO and preliminary injunction, Beckman asked for an order requiring:

[1]. [the d]efendants to cease all harassment, intimidation, and retaliation against [Beckman;]

[2]. Immediate enforcement of no-violence lease provisions[;]

[3]. Prohibition on tenants engaging in threatening or disruptive conduct toward [Beckman;]

[4]. [the d]efendants to stop sharing [Beckman]'s personal or unit information[;]

[5]. [the d]efendants to cease directing individuals to [Beckman]'s apartment[;]

[6]. Implementation of adequate security measures, including proper staffing.

Docket Item 2 at 4 (emphasis omitted).

In her second motion, Beckman asked for an order:

1. Enjoining enforcement of any eviction, lease termination, or tenancy removal actions pending litigation;

2. Scheduling an emergency case management conference with senior decision-makers;

3. Enjoining retaliation, coercion, threats, or adverse housing actions;

4. Ordering preservation of all records (litigation hold);

5. Requiring disclosure of counsel authority for settlement and housing decisions;

6. Requiring production of governance, lease, and tenancy documentation;

7. Granting such further relief as the Court deems just and proper.

Docket Item 4 at 1-2.

As an initial matter, Federal Rule of Civil Procedure 65(d) requires that "[e]very order granting an injunction and every restraining order must . . . state its terms specifically[] and . . . describe in reasonable detail . . . the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1). The Second Circuit has "interpreted Rule 65(d) as requiring that 'an injunction . . . be specific and definite enough to apprise those within its scope of the conduct that is being proscribed.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 143 (2d Cir. 2011) (alteration in original) (quoting *S.C. Johnson & Son, Inc. v. Clorox Co.*, 241 F.3d 232, 240-41 (2d Cir. 2001)). And the Supreme Court has explained that "[t]he specificity provisions of Rule 65(d) are no mere technical requirements[ but are] designed to prevent uncertainty and confusion on the part of those faced with injunctive orders, and to avoid the possible founding of a contempt citation on a decree too vague to be understood." *See Schmidt v. Lessard*, 414 U.S. 473, 476 (1974).

The broad requests in Beckman's first motion, such as requiring the "[d]efendants to cease all harassment, intimidation, and retaliation against [Beckman]," prohibiting "tenants [from] engaging in threatening or disruptive conduct toward [Beckman]," and implementing "adequate security measures, including proper staffing," *see* Docket Item 2 at 4 (emphasis omitted), flout these clear principles. The Court cannot—consistent with Rule 65(d)—grant such relief.[1] *See, e.g., Kaganovich v.*

---

[1] Beckman's requests to require the "[d]efendants to stop sharing [her] personal or unit information" and "to cease directing individuals to [her] apartment," Docket Item 2 at 4 (emphasis omitted), fall closer to the line. But even if the Court found those requests specific enough to pass muster under Rule 65(d), they still would not succeed because Beckman has not established "that absent a preliminary injunction [she] will

*McDonough*, 547 F. Supp. 3d 248, 278 (E.D.N.Y. 2021) (explaining that "[t]he Second Circuit has held that 'an obey the law order entered in a case arising under statutes so general as the ADA and the Rehabilitation Act would not pass muster under Rule 65(d) of the Federal Rules of Civil Procedure'" (some internal quotation marks omitted) (quoting *Henrietta D. v. Giuliani*, 246 F.3d 176, 182 (2d Cir. 2001))); *Wakefield v. Scott*, 2019 WL 13271839, at *5-6 (D. Vt. Sept. 24, 2019) (denying motion for permanent injunction where plaintiff sought an order preventing defendants "from violating the law" and "stop[ping] the abuse forever," explaining that "the court [was not] authorized to provide [p]laintiff the insufficiently clear and specific relief she request[ed]" under "Rule 65(d) and Second Circuit precedent"); *Monsour v. N.Y.S. Off. for People with Developmental Disabilities*, 2018 WL 3349233, at *20 (N.D.N.Y. July 9, 2018) (finding plaintiff's requested "injunctive relief prohibiting [d]efendants from further retaliating against him" was "too vague to satisfy the requirements for issuance of an injunction"). The same is true of Beckman's broad request in her second motion to enjoin "retaliation, coercion, threats, or adverse housing actions."  *See* Docket Item 4 at 1.

Moreover, Beckman's requests for "disclosure of counsel authority for settlement and housing decisions" and "production of governance, lease, and tenancy documentation," *id.*, are premature.  She can request the information she seeks in discovery, but there is no basis to require the defendants to provide it now.  Nor is it

---

suffer an injury that is neither remote nor speculative."  *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007)).  Rather, these requests appear to be directed at past alleged violations, *see* Docket Item 3 at 12-13 (summarizing alleged privacy violations and unauthorized disclosures), with no indication that there are likely to be imminent future violations.

necessary for this Court to order the defendants to preserve all records, *see id.*, as that obligation already is included in Federal Rule of Civil Procedure 37.  Beckman's request for a "case management conference," *id.*, likewise is premature.  Once the defendants have answered, this case will be referred to a magistrate judge, who will schedule a case management conference.

The one portion of Beckman's motion that gives this Court pause is her allegation that the "[d]efendants issued a 90-day termination notice under disputed authority, delivered in irregular fashion[,] and without verified authority of the signatory," which, Beckman alleges, "followed protected complaints and constitutes retaliation."  *See id.* at 2-3; *see also* Docket Item 3 at 54-55 (copy of 90-day notice).  The Court liberally construes Beckman's motion as seeking an order enjoining the termination of her tenancy.

But the 90-day notice letter to Beckman states:

> We request that you vacate your apartment and return your keys to the Rental Office no later than 11:59[ ]PM July 31, 2026.  *If you do not vacate the by that date, we will seek to enforce the termination through judicial action, at which time you may present any defense you believe you have and exercise your right to defend the action in Court.*

Docket Item 3 at 55 (emphasis added).  In other words, the 90-day notice does not state that Beckman will be evicted on August 1; rather, it states that defendant Belmont Housing Resources for WNY will *start* the judicial process for eviction on that date.  And it explicitly provides that Beckman will have the opportunity to present any defenses she believes she has.  Thus, the Court finds that Beckman has not established irreparable harm, as any harm may well be reparable through the judicial process related to Beckman's eviction.  *See Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) ("[T]o satisfy the irreparable harm requirement, [the plaintiff] must

demonstrate that absent a preliminary injunction [she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." (quoting *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007))).

Finally, the Court cannot, on the current record, find that Beckman is likely to succeed on the merits.  Although Beckman alleges that she "engaged in protected activity, including reporting unsafe housing conditions, discrimination, regulatory violations, and requesting meetings and inspections" and that she subsequently "received eviction notices, lease termination threats, and accusations of nonpayment of rent, which [she] alleges were false or pretextual," Docket Item 3 at 11 (emphasis omitted), she provides no specific facts—let alone evidence—in support of those general allegations.  Beckman does not, for example, provide any evidence suggesting that the stated reason for the 90-day notice—her "material non-compliance with the required annual recertification process," *id.* at 54—is false.

For all those reasons, Beckman has failed to meet the high standard for issuance of a TRO or preliminary injunction, and her motions for preliminary injunctive relief, Docket Items 2 and 4, therefore are denied without prejudice.


SO ORDERED.

Dated:   July 28, 2026
         Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE